**Dorce PITTMAN, Plaintiff,**

v.

**Glenn G. KURTZ, et al., Defendants.**

**No. CIV. A. 99–3181–GTV.**

United States District Court,
D. Kansas.

Sept. 28, 2001.

Dorce Pittman, El Dorado Correctional Facility, El Dorado, KS, pro se.

Ed L. Randels, Sedgwick County Legal Dept., Sedgwick County Courthouse, Wichita, KS, for defendants.

## MEMORANDUM AND ORDER

VANBEBBER, Chief Judge.

This case is before the court on Defendants' Motion for Summary Judgment (Doc. 18). The case involves claims by plaintiff Dorce Pittman that defendants, jail officials at the Sedgwick County Jail, physically assaulted him while he was incarcerated at the jail. Plaintiff alleges that the assaults violated his constitutional right to be free from cruel and unusual punishment. He also seeks to hold the county jail responsible for the alleged assaults. Defendants respond that they were acting with reasonable force made necessary by plaintiff's disruptive behavior. For the reasons stated below, the court grants defendants' motion.[1]

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). Lack of a genuine issue of material fact means that the evidence is such that no reasonable jury could return a verdict for the nonmoving party. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be met by showing that there is a lack of evidence to support the nonmoving party's case. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact left for trial. See *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505. "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* Therefore, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for

---

1. Also before the court is plaintiff's Request to the Court for Formal Monetary Relief in Damages Against the Defendants (Doc. 22). In light of the court's ruling on defendants' summary judgment motion, plaintiff's motion is denied as moot.

summary judgment. See *id.* The court must consider the record in the light most favorable to the nonmoving party. See *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir.1984).

## II.   FACTUAL BACKGROUND

The following facts are taken from the summary judgment record and are uncontroverted. Defendants submitted a statement of material facts with their motion for summary judgment. While plaintiff attempted to controvert some of those facts in his response, he failed to offer any type of support for his allegations. However, plaintiff's verified complaint contains essentially the same allegations made in his response to the summary judgment motion. In lieu of granting plaintiff leave to submit an affidavit restating the allegations present in plaintiff's response, the court has considered the facts contained in the verified complaint to the extent that they controvert any facts alleged by defendants.

On the morning of June 27, 1998, plaintiff came out of his jail cell and complained to a deputy that another inmate had been given too many days in disciplinary detention. The deputy directed plaintiff to return to his cell, but plaintiff refused. The deputy called for a sergeant, who responded and observed that plaintiff was holding a pencil and paper. The sergeant instructed plaintiff to put his pencil and paper away and return to his cell. Plaintiff again refused. More deputies responded to the location and instructed plaintiff to return to his cell. Plaintiff walked over to the door of the jail section, took off his eye glasses and turned around with the pencil in his hand as if to attack. Plaintiff was ordered to "cuff up" (turn around and be handcuffed), but plaintiff began to strike at deputy Curtis Tracey with the pencil. Other deputies intervened, and an altercation ensued. During the altercation, plaintiff struck defendant Tracey between six and ten times. One defendant hit plaintiff in the face. Defendants eventually took plaintiff to the floor using strikes to his thigh and upper body. Plaintiff claims that once defendants had him on the ground, they continued to "ram" his head against the floor. Defendants state that within a few seconds, they placed plaintiff in handcuffs and leg irons and stood him up.

Plaintiff complained of pain to his nose and cheek and was immediately seen by medical staff. The medical records indicate that plaintiff's face and nose were swollen. Because plaintiff complained of pain in his jaw, an x-ray was taken four days later. The x-ray revealed no fractures.

## III.   DISCUSSION

### A.   Eighth Amendment Claim

Jail officials are given some latitude in dealing with disruptive inmates. See *Whitley v. Albers,* 475 U.S. 312, 320, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) ("[I]n making and carrying out decisions involving the use of force to restore order in the face of a ... disturbance, [jail] officials undoubtedly must take into account the very real threats the unrest presents to inmates and [jail] officials alike, in addition to the possible harms to inmates against whom force might be used."). The Supreme Court recently stated that "[i]f an officer reasonably, but mistakenly believed that [an inmate] was likely to fight back ... the officer would be justified in using more force than in fact was needed." *Saucier v. Katz,* —— U.S. ——, ——, 121 S.Ct. 2151, 2158, 150 L.Ed.2d 272 (2001).

On the other hand, jail officials may not use a disruption as an excuse for exercising unfettered and unjustified force. Jail officials abuse their authority and violate an inmate's Eighth Amendment right to be free from cruel and unusual punish-

ment when they use excessive force which results in the " 'unnecessary and wanton infliction of pain.' " *Hudson v. McMillian,* 503 U.S. 1, 5, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (quoting *Whitley,* 475 U.S. at 319, 106 S.Ct. 1078). When jail officials are threatened with a disturbance, the test for whether force involves the "unnecessary and wanton infliction of pain" turns on " 'whether [the] force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' " *Id.* at 6, 112 S.Ct. 995 (quoting *Whitley,* 475 U.S. at 320–21, 106 S.Ct. 1078) (additional citations omitted). To determine whether force was applied "maliciously and sadistically," a court may analyze several factors: the necessity of the force, the correlation between the necessity and the force used, the amount of threat to staff and inmate safety, any attempts made to "temper the severity" of the force, and the severity of the resulting injury. See *Whitley,* 475 U.S. at 321, 106 S.Ct. 1078.

■ In the instant case, the only evidence before the court arguably suggesting that defendants were acting maliciously and sadistically is plaintiff's assertion that they punched him in the head and beat his head against the floor. These allegations must be considered in light of the fact that plaintiff has not denied defendants' claim that he refused to go to his cell after multiple orders or that he struck at defendant Tracey with a pencil, hitting defendant Tracey in the neck and shoulder area between six and ten times. These undisputed facts show that there was a need for the application of force to restrain

plaintiff and that there was a substantial threat to the safety of defendants. Moreover, plaintiff has not presented any specific facts which refute defendants' contention that once plaintiff was on the ground, the altercation only lasted a few seconds.[2] The court concludes that defendants have shown an adequate relationship between the need for force and the amount used, as well as efforts made to "temper the severity" of their response to plaintiff's instigation.

The court also notes that plaintiff's injuries were minor. See *Leggett v. George,* No. 94–3366, 1995 WL 265931, at *1–2 (10th Cir. May 8, 1995) (defining a cut above the eye and bruises on the knee and eye as minor injuries); *Jackson v. Ward,* No. 98–7181, 1999 WL 498491, at *3 (10th Cir. July 15, 1999) (defining bruising to the eye and superficial lacerations as minor injuries). Immediately after the altercation, plaintiff was seen by jail medical staff who observed that plaintiff's face and nose were swollen. The record further reflects that plaintiff complained of soreness in his jaw, but a subsequent x-ray showed that plaintiff's jaw was not broken. The court concludes that plaintiff's injuries were "no more severe than would be common in any struggle that left the loser pinned to the floor." Leggett, 1995 WL 265931, at *2.

After consideration of the Whitley factors, the court concludes that defendants have shown that there is no evidence suggesting that defendants acted "maliciously and sadistically" in their use of force to restrain plaintiff. Accordingly, the court grants summary judgment.

---

**2.** Plaintiff does claim that defendants continued to punch him and "ram" his head into the floor after they had him on the ground. Plaintiff does not, however, deny that the altercation lasted a few seconds once he was on the ground, nor does he come forth with any specific evidence showing that defendants continued to use force on him after he was restrained.

## B. Liability of Defendant Sedgwick County Jail

Construing plaintiff's pro se complaint liberally, plaintiff appears to allege that the Sedgwick County Jail should be held responsible for the acts of its officials. Because the court has held that the acts of the jail officials did not violate plaintiff's Eighth Amendment right to be free from cruel and unusual punishment, there is no act for which the jail could be held responsible. However, even assuming that the jail officials used excessive force in restraining plaintiff, the jail is not an entity which can be sued. Kansas courts have held that "[s]ubordinate government agencies, in the absence of statutory authorization, ordinarily do not have the capacity to sue or be sued." Lindenman v. Umscheid, 255 Kan. 610, 875 P.2d 964, 977 (1994) (citing Hopkins v. State, 237 Kan. 601, 702 P.2d 311, 316 (1985)). The Hopkins court held that the Kansas Highway Patrol was not an entity capable of being sued because K.S.A. § 74–2105 et seq. establishes the functions, duties and powers of the entity, but does not grant the Patrol the capacity to be sued. 237 Kan. 601, 702 P.2d at 316. Likewise, there are no statutes which state that the Sedgwick County Jail has the capacity to sue or be sued. The jail, therefore, cannot be sued for the alleged unconstitutional acts of its officials.[3]

IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motion for summary judgment (Doc. 18) is granted. Plaintiff's motion for monetary relief (Doc. 22) is denied as moot.

The case is closed.

Copies of this order shall be transmitted to counsel of record and pro se plaintiff Dorce Pittman, # 50864, EDCF, P.O. Box 311, El Dorado, KS 67042.

**IT IS SO ORDERED.**

---

3. The court also notes that plaintiff has brought his claim for violation of the Eighth Amendment pursuant to 42 U.S.C. § 1983. Although defendants did not raise the issue in their motion for summary judgment, the doctrine of *respondeat superior* does not apply to § 1983 cases. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Kite v. Kelley, 546 F.2d 334, 336–37 (10th Cir.1976).